**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

(302) 573-6277
FAX (302) 573-6220

September 25, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Judge
District of Delaware
844 King Street
Wilmington, DE 19801

    Re:    **United States v. Dawann Dixon**
             **Criminal Action No. 06-68-JJF**

Dear Judge Farnan:

    The defendant has agreed to change his plea pursuant to the enclosed Memorandum of Plea Agreement. The parties respectfully request that the Court schedule a Change of Plea hearing with counsel. An original, executed Memorandum will be submitted at the Change of Plea hearing.

                                    Respectfully submitted,

                                    COLM F. CONNOLLY
                                  United States Attorney

                BY:  /s/ Ilana H. Eisenstein
                        Ilana H. Eisenstein
                        Assistant United States Attorney

Enclosure

cc:    Eleni Kousoulis, Esq.
       Clerk, U.S. District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action No. 06-68-JJF |
| ) | |
| DAWANN DIXON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Ilana H. Eisenstein, Assistant United States Attorney for the District of Delaware, with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Dawann Dixon, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with being a prohibited person in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), which carries a maximum sentence of a term of imprisonment of ten years, a $250,000 fine, or both, three years supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count One of the Indictment: (1) that the defendant knowingly possessed a firearm; (2) at the time of the defendant's possession of the firearm, he had previously been convicted of a crime punishable by more than one year's imprisonment; and (3) that the firearm affected interstate commerce.

3. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility is appropriate, pursuant to Sentencing Guideline Section 3E1.1.

4. The defendant agrees to forfeit all interests in the firearm and ammunition involved in the violation alleged in Count One of the Indictment, to wit, the Norinco brand SKS rifle (serial number 1706299K) and the 12 rounds of Wolf brand ammunition seized from him by police on April 19, 2006. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

5. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the Sentencing Guidelines. The defendant understands that the Court is not bound by any stipulation between the parties, and that if the Court calculates the guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney, that he will not be allowed to withdraw his guilty plea.

6. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program though which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The United States Attorney and the defendant reserve the right to defend any ruling of the District Court should there be an appeal from this case.

8. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY<br>
United States Attorney

_____          By:_____
Eleni Kousoulis, Esquire                     Ilana H. Eisenstein
Attorney for Defendant                       Assistant United States Attorney


_____
Dawann Dixon, Defendant

Dated:


AND NOW, this _____ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____<br>
Honorable Joseph J. Farnan, Jr.<br>
United States District Court

3